**Thomas M. GORDON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Apppellee.**

Supreme Court of Delaware.

Submitted: Jan. 14, 1992.

Decided: Feb. 6, 1992.

Daniel E. Fleming, III of Biggs and Battaglia, Wilmington, for appellant.

Robert M. Goff, Deputy Atty. Gen., and Melissa Lazarich, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

HORSEY, Justice:

Defendant Thomas Gordon was convicted following a jury trial in Superior Court on January 11, 1989 of two counts of assault second degree and one count of disorderly conduct. Defendant now appeals those convictions, raising claims of insufficient evidence and *Miranda* violations, neither of which was fairly presented to the court below. We find no plain error and accordingly affirm.

---

At approximately 7:30 p.m. on April 6, 1988, Patrolmen Ogden and Robinson of the Wilmington Police Department were in the area of 29th and Rosemont pursuant to an outstanding warrant for the arrest of defendant's brother, Donald Gordon. After a footchase, Donald Gordon was arrested and placed in the officers' patrol car. Meanwhile, a large crowd had gathered. Defendant emerged from this crowd and engaged the officers in a hostile verbal exchange. After the chanting crowd indicated that Patrolman Ogden had struck defendant's brother, defendant assumed a boxing stance and swung a closed fist at Ogden. The blow missed, instead striking Patrolman Robinson in the face, but Ogden was injured in the ensuing struggle.

Defendant was eventually subdued and taken to Wilmington Police Headquarters, where he was interviewed by Lieutenant Dixon. Dixon testified at trial as to inculpatory statements made by defendant during the interview.

■ Defendant's first claim is that there was insufficient evidence to support a conviction on the count of assault second degree on Patrolman Ogden. Defendant failed to present this issue to the court in this jury trial, making no motion for directed verdict, or for judgment of acquittal notwithstanding the verdict. *Cf. Fairfield Builders, Inc. v. Vattilana*, Del.Supr., 304 A.2d 58 (1973) (appellate court may review factual findings of court in non-jury trial for sufficiency of evidence). Supreme Court Rule 8 states as follows:

> Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.

Although never explicitly considered, this Court has in the past reached the merits of claims of insufficient evidence even where they have not been fairly presented to the court below in jury trials. *See, e.g., Robertson v. State*, Del.Supr., 596 A.2d 1345, 1355 (1991); *Kornbluth v. State*, Del.Supr., 580 A.2d 556, 560–61 (1990); *Davis v. State*, Del.Supr., 453 A.2d 802 (1982) (per curiam); *Lively v. State*, Del.Supr., 427 A.2d 882 (1981); *Holden v. State*, Del. Supr., 305 A.2d 320 (1973). Today, in the exercise of our discretion, we decline to review this claim. Supr.Ct.Rule 8.

■ Defendant's second claim is that the trial court erred in allowing Lieutenant Dixon's testimony with regard to defendant's confession. Defendant made no objection to this testimony at trial. Evidentiary claims may not be raised for the first time on appeal. *Stevenson v. Henning*, Del.Supr., 268 A.2d 872 (1970); D.R.E. 103; Supr.Ct.R. 8. Moreover, since the record does not reflect that *Miranda* warnings were not given prior to Dixon's interrogation of defendant, we can find no plain error. *Wainwright v. State*, Del.Supr., 504 A.2d 1096, 1100 (1986) ("the doctrine of plain error is limited to material defects which are apparent on the face of the record"). Consequently, defendant's claim is without merit.

\* \* \*

AFFIRMED.