

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# Campbell v. Burris

Precedential or Non-Precedential: Precedential

Docket No. 05-5156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Campbell v. Burris" (2008). *2008 Decisions.* Paper 1498.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1498

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5156

JAMAR L. CAMPBELL
Appellant

v.

*ACTING WARDEN ELIZABETH BURRIS;
OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF DELAWARE

*(Substituted Pursuant to F.R.A.P. 43(c))

On Appeal From the United States
District Court
For the District of Delaware
(D.C. Civil Action No. 03-cv-00916)
District Judge:  Hon. Gregory M. Sleet

Argued October 23, 2007

BEFORE:  FISHER, STAPLETON and
COWEN, *Circuit Judges*

(Opinion Filed:  February 14, 2008)

George A. Bibikos (Argued)
David R. Fine
Kirkpatrick & Lockhart Preston Gates Ellis
17th North Second Street, 18th Floor
Harrisburg, PA  17101
  Attorneys for Appellant

Thomas E. Brown (Argued)
Deputy Attorney General
Delaware Department of Justice
Carvel Office Building
820 North French Street
Wilmington, DE  19801
  Attorney for Appellee

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Jamar Campbell was convicted by a jury in 2001 of possession of crack cocaine with intent to deliver and possession of cocaine within three hundred feet of a park.  He

appealed his conviction to the Supreme Court of Delaware, which affirmed. After unsuccessfully seeking post-conviction relief in the Superior and Supreme Courts of Delaware, Campbell, acting *pro se*, filed this habeas proceeding under 28 U.S.C. § 2254 in the District Court. His petition and accompanying memorandum of law alleged ineffective assistance of counsel on a number of grounds and an assortment of six other violations of his federal constitutional rights.[1] The

---

[1]The District Court summarized Campbell's claims as follows:

(1) numerous allegations that defense counsel provided ineffective assistance; (2) prosecutorial misconduct, stemming from the prosecutor's prejudicial remarks made throughout the trial; (3) the trial court erred by not curing the effect of the improper prosecutorial statements, by permitting suggestive and perjured testimony to occur, by asking Campbell improper and prejudicial questions, and by disclosing Campbell's past record; (4) the State changed the elements of the charges in the indictment, causing a structural defect in the trial, and therefore violated his rights to due process and a fair trial; (5) the State did not prove the elements of the charged offenses beyond a reasonable doubt, and there was insufficient evidence to sustain his convictions; (6) the evidence at trial had been tampered with; and (7) the jury instructions were improper.

3

District Court concluded that all of Campbell's claims other than his ineffective assistance of counsel claims were unreviewable because the Delaware Supreme Court had rejected them pursuant to Delaware Supreme Court Rule 8, which provided an independent and adequate state law ground supporting that Court's judgment. Therefore, the Court reviewed those claims only for "cause and prejudice" or a "miscarriage of justice." *See Thompson v. Coleman*, 501 U.S. 722, 749-50 (1991). With respect to Campbell's ineffective assistance of counsel claims, the District Court held (1) that Campbell had failed to exhaust three of them in the state courts and had not shown cause and prejudice or a miscarriage of justice, and (2) that the Delaware Supreme Court's rejection of the remainder was neither contrary to, nor an unreasonable application of, clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1).

This Court granted Campbell's application for a certificate of appealability under 28 U.S.C. § 2253(c)(1) with respect to the following issues: "(1) is Delaware Supreme Court Rule 8 an independent and adequate state ground that precludes federal habeas review . . . (2) did the District Court properly discern all of the ineffective assistance of counsel claims that Campbell presented to the state court, . . . and (3) was the Delaware Supreme Court's application of *Strickland v. Washington*, 466 U.S. 668, 697 (1984) unreasonable." App. at 21a-22a. We also granted his application for appointment of counsel. We conclude (1) that Delaware Supreme Court Rule 8 provides an independent and adequate state law ground for the

---

*Campbell v. Carroll*, 2005 WL 2917466, *4 (D. Del. Nov. 4, 2005).

4

Delaware Supreme Court's judgment, (2) that any error of the District Court in rejecting three of Campbell's claims of ineffective assistance of counsel as unexhausted was harmless, and (3) that the Delaware Supreme Court's application of *Strickland* was not unreasonable.

## I. Delaware Supreme Court Rule 8

Delaware Supreme Court Rule 8 provides:

> Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.

DEL. SUPR. CT. R. 8.

On Campbell's direct appeal, the Supreme Court of Delaware expressly invoked Rule 8 in the disposition of all of Campbell's claims other than his ineffective assistance of counsel claims. After ruling that Campbell's ineffective assistance claims would have to be pursued in a post-conviction relief proceeding, the Court turned to the first of the remaining six claims and ruled as follows:

> We review this claim, as well as the rest of Campbell's claims, for plain error, since he raises them for the first time in this appeal. SUPR. CT. R.8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986). Plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize

5

the fairness and integrity of the trial process".  *Id*.

*Campbell v. State*, 801 A.2d 10 (Del. 2002).  The Court held that all six of these claims failed to pass the "plain error" test.

As this ruling and the citation to *Wainwright* indicate, the "interest of justice exception" to Rule 8 has been interpreted in the context of criminal litigation to call for what the Delaware Supreme Court terms a "plain error" analysis.  *Wainwright* explains this concept as follows:

> Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process. *Dutton v. State*, Del.Supr., 452 A.2d 127, 146 (1982).  Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right or which clearly show manifest injustice.

*Wainwright*, 504 A.2d at 1100.

As the Delaware Supreme Court's opinions in *Wainwright* and this case indicate, this "plain error" rule is a state law rule and is applied without reference to federal case law.  *See Dutton v. State*, 452 A.2d 127, 146 (Del. 1982).

A federal habeas court may not address the merits of a procedurally-defaulted claim if the state court opinion includes

6

a plain statement indicating that the judgment rests on a state law ground that is both "independent" of the merits of the federal claim and an "adequate" support for the court's decision. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). As we have explained:

> [a] state rule provides an independent and adequate basis for precluding federal review of a claim if the "rule speaks in unmistakable terms[,] all state appellate courts refused to review the petitioner's claim on the merits[, and] the state courts' refusal [was] consistent with other decisions," that is, the procedural rule was "consistently and regularly applied." *Doctor v. Walters*, 96 F.3d 675, 683-84 (3d Cir. 1996).

*Albrecht v. Horn*, 485 F.3d 103, 115 (3d Cir. 2007). The question before us is whether the Delaware Supreme Court's application of its Rule 8 in Campbell's case was "independent" of the merits of his federal claims and "adequate" support for its judgment.[2]

---

[2]We have not previously had occasion to resolve this issue. Contrary to Campbell's suggestion, *Reynolds v. Ellingsworth*, 843 F.2d 712 (3d Cir. 1988), does not rule upon it. In that case, the Supreme Court of Delaware had held that Reynolds had procedurally defaulted a claim by failing to move for a mistrial. While there was no court rule requiring such a motion, the Delaware Supreme Court interpreted its prior decision in *Conyers v. State*, a case decided after Reynolds' trial, as holding that all issues were foreclosed in post-conviction relief

## A. Independence

When, as here, a state court expressly relies on a state procedural rule of preclusion as a basis for its decision, the independence issue turns on whether the state law alone provides everything necessary to support the court's judgment. Even when the state court decision rests on alternative holdings, one based on federal law and the other based on a state procedural rule of preclusion, for example, the court's reliance on federal law does not deprive the state rule of its independence if the state rule is sufficient alone to support the judgment. *Caruso v. Zelinski*, 689 F.2d 435, 440 (3d Cir.

---

proceedings in Delaware unless there was a contemporaneous objection or the petitioner had shown cause and prejudice of the kind required by *Wainwright v. Sykes*, 433 U.S. 72 (1977). We reversed the District Court's denial of habeas relief and held that *Conyers* did not provide an independent and adequate ground supporting Reynolds' conviction. We did so because (1) "[w]hether enunciated by court rule or case law, there was no Delaware procedural rule on point, and therefore Reynolds violated none," *Reynolds*, 843 F.2d at 720; and (2) "[t]he history of [Delaware post-conviction relief jurisprudence] belie[d] the sweeping proposition that a procedural bar exists to all claims raised for the first time in" such a proceeding. *Id*. While we there referred to Delaware Supreme Court Rule 8 in the course of our analysis, contrary to Campbell's suggestion, we did not identify any inconsistency in its application.

8

1982).[3]

---

[3]Campbell insists that the Delaware Supreme Court "actually reviewed" the merits of his federal claims other than his ineffective assistance of counsel claims. If the Delaware Supreme Court had not made a plain statement that it "relied independently on a violation of a state procedure," but rather had "based [its] decision on the merits of the claim," the District Court would not have been barred from reaching those claims in the course of its habeas review. *Harris v. Reed*, 489 U.S. 255, 261-62 (1989). *See also Johnson v. Pinchak*, 392 F.3d 551, 557 (3d Cir. 2004). However, the Delaware Supreme Court did make a "plain statement" that Rule 8 applied to each of those claims and then proceeded to examine each under the standards applicable to Rule 8's "interests of justice" exception. The Court concluded that each claim, in turn, did not involve "plain error." *Campbell v. State*, 801 A.2d 10 (Del. 2002). While it is true, as Campbell stresses, that the Court found Campbell's appeal "wholly without merit" and stated that his perjured testimony was "meritless," this does not detract from the independence of the "no plain error" ruling on each of Campbell's claims. Even if one reads those statements as references to the underlying merits of the claims under federal law, as we explained in *Caruso*, alternative holdings based on federal law do not deprive a state law ruling of its independence. Moreover, given that Delaware's Rule 8 jurisprudence requires a showing both that the error is "apparent on the face of the record" and that the fairness and integrity of the trial process has been compromised, when the Delaware Supreme Court, as here, uses a phrase like "no merit" in the context of its "plain error" analysis, it is best understood as a declaration that no error is

While the Delaware Supreme Court when applying Rule 8 in this context of criminal litigation must, of course, be cognizant of the nature of the alleged federal constitutional violation, federal law is not essential to support its judgment. The Court is applying state, not federal, law and it can apply that state law without resolving the merits of the federal constitutional issue. Delaware case law establishes that the issue of whether the alleged error in the context of this particular case was "apparent on the face of the record"and "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process" are issues governed by Delaware law. And those issues may be resolved by assuming *arguendo* the merit of the federal claim. In these respects, the situation before us is much like that before the Court of Appeals for the Seventh Circuit in *Willis v. Aiken*, 8 F.3d 556 (7th Cir. 1993). The Court there posed the issue before it in the following manner:

> The Indiana postconviction appellate court addressed federal constitutional concerns in analyzing the appropriateness of the jury instruction. As we have just noted, however, it did so in the context of determining whether waiver of the issue through failure to object ought to be forgiven because the instruction constituted "fundamental error." We must now determine

---

perceived on the face of the record and *a fortiori* no "plain" error. *See, e.g., Dutton v. State*, 452 A.2d 127, 146 (Del. 1982) ("We fail to find any error . . ., much less plain error.").

10

whether, in this procedural context, the Indiana appellate court's judgment can be said to rest on an independent and adequate state law ground or whether the determination of "no fundamental error" is so "interwoven," *Coleman*, 501 U.S. at 735, 111 S.Ct. at 2557, with the federal claim as to justify federal review without a demonstration of cause and prejudice.

*Willis*, 8 F.3d at 562.

The *Willis* Court's ensuing description of the case law dealing with the Indiana "fundamental error" doctrine is an accurate description of the Delaware "plain error" jurisprudence under Rule 8:

These cases demonstrate that the principle of fundamental error in Indiana law involves an assessment not only of the substantive rights at stake but also of their impact on the particular trial. While there have been occasions in which Indiana courts have looked to a federal court's assessment of federal rights to "corroborate" its own assessment, *see Winston v. State*, 165 Ind. App. 369, 332 N.E.2d 229, 233 (1975), there is no discernible pattern of dependency on federal court assessment of a particular error as "fundamental." Rather, the term, as employed in the Indiana cases, appears to be a term of art employed on a fact-specific basis for the purpose of determining whether to excuse noncompliance with the requirement that a timely objection be made on

11

the record.

* * *

Indiana mandates review on the merits of
fundamental rights claims only when the denial of
the right "gives rise to a question of fundamental
error as *defined by state law*."  *Gutierrez*, 922
F.2d at 1469 (emphasis supplied).

*Willis*, 8 F.3d at 556, 567.

Delaware's "plain error" exception to Rule 8 is not
unique.  Many states have procedural default rules with similar
"safety valves" for situations in which enforcing the procedural
default would work a serious injustice.  *Neal v. Gramley*, 99
F.3d 841, 844 (7th Cir. 1996).  As a result, while the United
States Supreme Court has not definitively resolved the matter,
there is ample court of appeals case law on whether invocation
of similar "plain error" review of alleged violations of the
federal constitution in order to mitigate the effect of a state
procedural default rule will suffice to deprive a state court ruling
of its "independent" character.  We agree with our sister Courts
of Appeals for the First, Fourth, Sixth, Seventh, Tenth and
Eleventh Circuits that it does not.  *Gunter v. Maloney*, 291 F.3d
74, 80 (1st Cir. 2002) ("mere fact that a state appellate court
engages in a discretionary, and necessarily cursory, review under
a 'miscarriage of justice' analysis does not in itself indicate that
the court has determined to waive an independent state
procedural ground for affirming the conviction"); *Daniels v.
Lee*, 316 F.3d 477, 487 (4th Cir. 2003) (federal court
procedurally barred from considering claim where state court

12

merely reviewed whether the error "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); *Scott v. Mitchell*, 209 F.3d 854, 865-66 (6th Cir. 2000) (that Ohio Supreme Court reserved discretion, in exceptional cases, to review for plain error an alleged violation of the federal constitution that would otherwise be barred by its contemporaneous objection rule does not preclude that rule from serving as an independent state law ground); *Neal*, 99 F.3d at 844 ("Illinois like many states provides a safety valve for situations in which enforcing a procedural default would mask a plain error. To decide whether an error is plain requires consideration of the merits – but only so far as may be required to determine that issue. It does not open up the merits any wider for consideration by the federal court.") (internal citations omitted); *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) ("a state court [can] deny relief for what it recognizes or assumes to be federal error, because of the petitioner's failure to satisfy some independent state law predicate. In such a case, that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas."); *Julius v. Johnson*, 840 F.2d 1533, 1546 (11th Cir. 1988) ("the mere existence of a 'plain error' rule does not preclude a finding of procedural default"). *Cf. Osborne v. Ohio*, 495 U.S. 103, 123 (1990) (where state court reviewed claim for plain error citing exclusively state law, "we have no difficulty agreeing with the State that Osborne's counsel's failure to [contemporaneously object] constitutes an independent and adequate state-law ground preventing us from reaching [the claim]"); *Roy v. Coxon*, 907 F.2d 385, 391 (2d Cir. 1990) (distinguishing *Osborne* and concluding that, where state court cited to and relied on federal law in its plain error review, claim not

13

procedurally defaulted).  *But see Walker v. Endell*, 850 F.2d 470, 474 (9th Cir. 1988).

Thus, our case, like *Willis*, is one in which the applicable state law is not dependent on a federal law.  It is unlike *Ake v. Oklahoma*, 470 U.S. 68 (1985), where the "escape valve" for the procedural default rule was phrased in terms of fundamental trial error and, under Oklahoma law, all federal constitutional errors were "fundamental."  As the Supreme Court explained in *Ake*, that was a situation in which "the state made application of the procedural bar depend on an antecedent ruling on federal law, that is, on the determination of whether federal constitutional error had been committed.  Before applying the waiver doctrine to a constitutional question, the state court [was required to] rule, either explicitly or implicitly, on the merits of the constitutional question."  *Id.* at 75.

Rule 8, as applied by the Delaware Supreme Court in this case, was "independent" of federal law.

## B. Adequacy

A state procedural rule is "adequate" to bar federal habeas review only if it is "firmly established and regularly followed" by the state courts at the time of the petitioner's trial. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).  This rule is intended both to ensure that state courts do not insulate disfavored claims from federal review, and to ensure that federal habeas review is not barred unless petitioners have fair notice of the steps they must take to avoid default.  *Bronshtein v. Horn*, 404 F.3d 700, 707-08 (3d Cir. 2005); *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989); *Hathorn v. Lovorn*, 457

14

U.S. 255, 262-63 (1982) ("state courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims"). In applying these principles, this Court seeks to determine whether the state rule itself provides guidance regarding how the rule should be applied or whether such standards have developed in practice. *See, e.g., Doctor v. Walters*, 96 F.3d 675, 684-85 (3d Cir. 1996) (because the rule on its face provided little or no guidance regarding the application of the rule to the present facts, examining the case law to determine whether the rule, at the time of its application to petitioner, was "firmly established and regularly applied"). However, "neither an occasional act of grace by a state court . . . nor a willingness in a few cases to overlook the rule and address the claim on the merits" renders a rule inadequate. *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997). A rule can be adequate if the state supreme court faithfully applies it in "the vast majority" of cases. *Dugger*, 489 U.S. at 410 n.6.

Rule 8 and the case law interpreting it served clear notice on Campbell and his trial counsel in "unmistakable terms" that an issue not presented to the trial court would not be considered on appeal unless the alleged error was so prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process. *Wainwright v. Sykes*, 433 U.S. 72, 85 (1977). Moreover, Campbell does not, and cannot, claim that the Supreme Court of Delaware as of 2001 regularly ignored this state rule when presented with an issue not fairly presented to the trial court. Based on our review of its application of this

15

rule,[4] as of the time of Campbell's trial in 2001, it appears that, when confronted with an issue raised for the first time on appeal, the Court virtually always relied upon Rule 8 in some manner.[5] In the vast majority of such cases, it held that review

---

[4]According to Westlaw, the Delaware Supreme Court cited Rule 8 in 224 cases prior to the end of 2001. While we have not read all of these cases, we have studied all of the cases cited by the parties and a fair sampling of the remainder.

[5]Between 1973 and 1991, the Delaware Supreme Court on at least five occasions did address the merits of sufficiency of evidence issues not presented to the trial court without mentioning Rule 8. In 1992, however, the Court noted this aberration from its general practice and applied Rule 8 to bar review of a sufficiency of evidence issue in *Gordon v. State*, 604 A.2d 1367 (Del. 1992). Since that time, *Gordon* has been held to establish that Rule 8 bars review of sufficiency of evidence issues not fairly presented to the trial court unless "the trial court committed plain error requiring review in the interest of justice." *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) (finding plain error); *Liket v. State*, 719 A.2d 935 (Del. 1998) (applying *Gordon* and finding no plain error). *Liket* and *Monroe* are also consistent with a substantial line of unpublished cases. *See, e.g.*, *Andrews v. State*, 781 A.2d 692 (Del. 2001); *Cooper v. State*, 679 A.2d 469 (Del. 1996); *Wimbley v. State*, 660 A.2d 396 (Del. 1995); *Dickson v. State*, 653 A.2d 304 (Del. 1994); *Worley v. State*, 633 A.2d 372 (Del. 1993); *Thomas v. State*, 628 A.2d 84 (Del. 1993). In contrast, we have found no case decided since 1991 involving a sufficiency of evidence issue not fairly presented to the trial court where the Supreme Court

16

was precluded by the Rule. The Court occasionally, but infrequently, merely cited Rule 8 and found the claim waived or

addressed the merits without reference to Rule 8. Accordingly, we conclude that, by the time of Campbell's trial in 2001, Rule 8 was "firmly established and regularly followed" by the Delaware Supreme Court in sufficiency of evidences cases. Campbell had ample notice from a line of cases decided over the preceding decade that if he failed to raise his sufficiency of evidence claim before the trial court, he could secure review only if the alleged error was so prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.

With the exception of the 1973-1991 insufficiency of evidences cases referenced in *Gordon*, we have been referred to, and have found, no case in which the failure to fairly present an issue to the trial court was ignored and the merits addressed without reference to Rule 8. In *Nelson v. State*, 628 A.2d 69 (Del. 1993), the Delaware Supreme Court noted that one of the state's arguments was based on Rule 8 and then proceeded to address the merits of the appellant's claimed error without expressly addressing that argument. The Court ultimately concluded that, while the trial court had committed error (by admitting evidence of a DNA match in this rape case while excluding the statistical evidence necessary to permit the jury to evaluate it), the error was harmless. The appellant had objected in the trial court to the admission of all of the DNA evidence, and the Court may have regarded Rule 8 as not applicable. It did not expressly say so, however. As far as we have been able to determine, this is as close as the Delaware Supreme Court came to ignoring Rule 8 in a case in the decade preceding Campbell's trial.

17

defaulted, without further discussion. *See, e.g., Wade Insulation, Inc. v. Visnovsky*, 773 A.2d 379, 382 n.3 (Del. 2001); *Manley v. State*, 709 A.2d 643, 655 (Del. 1998); *Marine v. State*, 624 A.2d 1181, 1186 (Del. 1993);[6] it also frequently engaged in plain error review and with a few sentences of explanation, found none. *See, e.g., Weedon v. State*, 647 A.2d 1078, 1082-83 (Del. 1994); *Gattis v. State*, 637 A.2d 808, 820 (Del. 1994). As one would expect given the requirements of the plain error test, the Court occasionally, but rarely, concluded that the test was satisfied and proceeded to resolve the merits of the claim. *See, e.g., Lewis v. State*, 757 A.2d 709, 712 (Del. 2000) (invoking the "interests of justice" exception because, on appeal, defendant raised "important questions" relating to the Sixth Amendment and "fundamental fairness in the administration of justice"; finding violations); *Reynolds v. Ellingsworth*, 843 F.2d 712, 721-22 (3d Cir. 1988) (collecting cases). Importantly, we have been referred to, and have found, no cases in which the Delaware Supreme Court's plain error analysis has led to inconsistent results.

In the final analysis, Campbell's argument on "adequacy" boils down to his insistence that a "discretionary procedural rule such as Rule 8 cannot be 'adequate' for purposes of procedural default." Appellant's Br. at 18. If accepted, this proposition that a state procedural rule is rendered *per se* inadequate merely

---

[6]The absence of an "interest of justice" analysis in these cases does not, of course, suggest that Rule 8 is anything other than "adequate." In each, as in Campbell's case, the Rule was applied to preclude review. In none is there an indication that an interest of justice exception was being urged upon the Court.

18

because it allows for some exercise of discretion by state courts would all but vitiate the long-standing doctrine of procedural default in the federal habeas context. As we have earlier noted, numerous Courts of Appeals cases have sustained the validity of state procedural bar rules having "safety valves" which involve exercise of the same kind of discretion required by the "interest of justice" exception to Rule 8. *See also, e.g., Wedra v. Lefevre*, 988 F.2d 334, 340 (2d Cir. 1993) ("[w]e are not convinced that simply because New York law allows some discretion to be exercised in the granting of extensions that a dismissal on the basis of untimeliness does not constitute an adequate procedural bar"); *Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir. 2002) (due process exception does not render state rule inadequate for federal procedural default as long as discretion is not unfettered); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1385 (7th Cir. 1990) (state rule allowing court to disregard procedural bar for "sufficient reason" is not necessarily inadequate); *Wood v. Hall*, 130 F.3d 373, 376-77 (9th Cir. 1997) (that "the application of a rule requires the exercise of judicial discretion does not render the rule inadequate to support a state decision"). The issue is not whether the state procedural default rule leaves room for the exercise of some judicial discretion – almost all do. Rather, the issue is whether, at the relevant point in time, the judicial discretion contemplated by the state rule is being exercised in a manner that lets people know when they are at risk of default and treats similarly-situated people in the same manner. Our review of Delaware Supreme Court Rule 8 law convinces us that it performs both of these functions.

Campbell cites very little in support of his condemnation of discretion. He complains that "the Delaware Supreme Court frequently exercises its discretion under Rule 8 to review federal

claims raised for the first time on appeal" but the cases he cites, by his own acknowledgment, "present[ed] fundamental constitutional problems" which the Delaware Supreme Court found to satisfy the "plain error" standard. Appellant's Br. at 19. We do not agree that this happens "frequently," but, in any event, the frequency of such findings is not material so long as the "plain error" rule is being regularly and consistently applied.

The only category of cases where Campbell purports to identify instances in which Rule 8 has been applied in an inconsistent manner to similar situations is ineffective assistance of counsel cases. He cites a number of cases for the proposition that the Delaware Supreme Court "often invokes Rule 8 to review claims of ineffective assistance of counsel for the first time on direct appeal" and then cites a number of cases for the proposition that it "also frequently exercises its discretion to *not* consider ineffective assistance of counsel cases for the first time on appeal." Appellant's Br. at 20-21 (emphasis in original). Given the variety of forms ineffective assistance of counsel claims may take and the infinite variety of circumstances in which they may have occurred, this alone hardly demonstrates that Rule 8 is inconsistently applied by the Supreme Court of Delaware in ineffective assistance of counsel cases. Moreover, frequently, when it decides not to consider ineffective assistance of counsel claims for the first time on appeal, the Delaware Supreme Court, as here, does not reach the Rule 8 issue, relying instead on a different and independent rule – such claims are generally best heard in the first instance in a post-conviction relief proceeding because the trial record will not be adequate for resolving the relevant issues, and because trial counsel, if continuing to pursue his representation on direct appeal, should not be required to argue his own ineffectiveness. *Campbell v.*

20

*State*, 801 A.2d 10, 2002 WL 1472283, *4 (Del. 2002) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)). *See also Duross v. State*, 494 A.2d 1265, 1267-69 (Del. 1985); *Collins v. State*, 420 A.2d 170, 177 (Del. 1980). In one of the cases relied upon by Campbell, *Johnson v. State*, 765 A.2d 926, 929 (Del. 2000), for example, the Court concluded that the "plain error" rule gave it the power to hear the ineffective assistance of counsel issue, but that, as here, these kinds of prudential considerations dictated that it stay its hand until the trial court addresses that issue in the first instance. In short, we perceive no inconsistency in the cases Campbell cites.

We hold that Delaware Supreme Court Rule 8 as applied by the Delaware Supreme Court in Campbell's case provides an independent and adequate state ground which forecloses federal habeas review as the District Court held.

## II. Ineffective Assistance

### A.

The state's case against Campbell was straightforward. Two police officers observed Campbell at 1:30 A.M. on December 16, 1999, standing with a woman on the sidewalk. He and the woman had their hands out towards one another and were looking down as they appeared to exchange something. The officers stopped their patrol car near Campbell and got out. As they did, Campbell began to walk away and threw an object into the street under a car. One of the officers retrieved the object almost immediately. It was a bag containing twenty-four smaller bags which held, in total, 2.45 grams of crack cocaine. Campbell was arrested.

21

The police officers testified at Campbell's trial along with a senior forensic chemist and those having responsibility for the chain of custody of the drugs. Campbell was the sole witness for the defense. He denied selling drugs. He indicated that he was on his way to visit his aunt and uncle but had some difficulty remembering his uncle's name.

The Supreme Court of Delaware when reviewing the judgment of the Superior Court in the post-conviction relief proceeding described the ineffective assistance of counsel claims before it as follows:

> [H]is trial counsel provided ineffective assistance by failing to conduct an adequate investigation, subpoena trial witnesses, make appropriate objections at trial, conduct a proper cross-examination of the State's witnesses, move to suppress evidence, challenge the arrest warrant, object to improper jury instructions, and move for a mistrial.

*Campbell v. State*, 830 A.2d 409, 2003 WL 21998563, *1 (Del. 2003). The Delaware Supreme Court denied all of these claims for the same reason:

> In order to prevail on his ineffective assistance of counsel, Campbell must show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's professional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[5]

22

[5] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

* * *

> Campbell's claims of ineffective assistance of counsel are unavailing. Campbell has presented no evidence that any claimed error on the part of his counsel resulted in prejudice to him.

*Id*.

Campbell insists that this ruling was an unreasonable application of *Strickland* because the "Delaware Supreme Court essentially required Mr. Campbell, a pro se litigant, to produce 'evidence' of prejudice at the pleading stage without giving him an opportunity to present evidence of prejudice." Appellant's Br. at 34-35. We disagree.

While it is true that the Court employed the phrase "presented no evidence," we decline to attribute to the Delaware Supreme Court an intent to fault Campbell for not having presented evidence to the Court when no hearing had been held. In context, – that is, in the context of a motion by the state to summarily "affirm the Superior Court's judgment on the ground that it [was] manifest on the face of Campbell's opening brief that the appeal was without merit," App. at 45a, – the Court clearly was ruling that Campbell had provided no reason to believe he could present a prima facie case of prejudice if the matter proceeded to a hearing. This was not an unreasonable application of *Strickland*. We approved a similar application of

23

*Strickland* in *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991), where the petitioner, in his petition and brief, had "pointed to no evidence of such prejudice." We affirmed the District Court's dismissal of the habeas petition without a hearing. While we there dealt with a District Court's dismissal of a habeas petition, our holding makes clear that the Delaware Supreme Court's application of *Strickland* was not unreasonable.

> When a district court has denied a petition for a writ of habeas corpus without an evidentiary hearing, we must remand for a hearing only if "the petitioner has alleged facts that, if proved, would entitle him to relief." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d. Cir. 1991), *petition for cert. filed* (June 18, 1991). Thus, to merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the *Strickland* test, deficient counsel and prejudice to the defense. *U.S. v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988). Here, Wells' allegation of ineffective assistance of counsel is impaled on the second prong of the Court's analysis in *Strickland*.

*Wells*, 941 F.2d at 259-60.

In order to establish the prejudice required by *Strickland*, the party claiming ineffective assistance "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant

24

to show that the errors had some conceivable effect on the outcome of the proceeding . . . not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. While it is true, as Campbell stresses, that his factual allegations had to be accepted for the purpose of determining his entitlement to a hearing, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987).

Campbell's brief insists that the Delaware Supreme Court failed to accept his factual allegations regarding prejudice. He fails, however, to identify any such fact. The following segment of his brief before us is typical:

> Accepting Mr. Campbell's *pro se* pleadings and briefs as true, they demonstrate a reasonable probability that his counsel's deficient performance affected the outcome of his case. Mr. Campbell argued that counsel wholly failed to investigate this case. Mr. Campbell argued that counsel failed to subpoena a potentially exonerating witness to determine, at a minimum, what she knew and who she was, and he wholly failed to investigate the evidence against his client.

Appellant's Br. at 36. Campbell fails, however, to allege what this witness would have been able to say that would have been of help to him. As we have previously stressed, "a showing [of *Strickland* type prejudice] may not be based on mere speculation about what the witnesses [counsel] failed to locate might have

25

said." *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989).

This segment of Campbell's brief sets forth only one other claim of "unreasonableness" on the part of the Delaware Supreme Court when it ruled that there was no reason to believe that Campbell had experienced *Strickland* prejudice from counsel's error. Campbell insists that counsel should have prevented the admission of testimony regarding Campbell's criminal history and that evidence of "prior criminal acts is highly prejudicial." Appellant's Br. at 36. Campbell does not explain, however, how this alleged error could have had a "reasonable probability" of affecting the outcome of the proceeding. So far as we are able to determine from the record, the jury received only the information that Campbell had been convicted of the felony of receiving stolen property in 1997 and an unspecified "second felony" in 1998. This information would appear to have been admissible under Delaware Rule of Evidence 609 as relevant only to the credibility of Campbell as a witness, and the trial judge so instructed at some length.[7] App.

---

[7]The Court instructed:

> The fact that the defendant had been convicted of a felony, if such be a fact, may be considered by you for only one purpose; namely, in judging his credibility.
> The fact of such a conviction does not necessarily destroy or impair the defendant's credibility, and it does not raise the suggestion that the defendant has testified falsely. It is simply one of the circumstances that you may take

at 149a. This information, accordingly, was appropriately before the jury. Moreover, given the limited information presented to the jury regarding the defendant's record and the overwhelming evidence of his guilt, we cannot say the conclusion reached by the Delaware Supreme Court was an unreasonable application of *Strickland*.

Campbell has failed to show that the Delaware Supreme Court's application of *Strickland* was unreasonable.

B.

Campbell's federal habeas petition consisted of 102 handwritten pages. Since ineffective assistance of counsel claims based on different acts or omissions are discrete claims and must each be exhausted, the District Court began with the difficult task of gleaning from the petition twelve distinct ineffective assistance of counsel claims. Comparing these with the voluminous papers filed in the state post-conviction relief petition, the Court ruled that three of these claims had not been

---

into consideration on weighing the testimony of such a witness.

Proof of a prior conviction on the part of the defendant must not and shall not be considered by you in determining the guilt or innocence of the defendant, but may only be considered in judging the defendant's credibility.

App. at 149a.

27

exhausted.[8] The District Court then concluded that Campbell had shown neither "cause and prejudice" nor "miscarriage of justice," *see Coleman*, 501 U.S. at 750, and denied relief.

Campbell insists that he exhausted all of his claims. He accuses the District Court of mischaracterizing the three claims it held to be unexhausted. Campbell's brief then states those claims as follows:

> In his habeas petition and brief, Mr. Campbell argued that counsel was ineffective because (1) counsel failed to conduct discovery or investigate into whether the female at the scene was an informant, or a police officer, or offered immunity (R.188a, 195a, 205a); (2) he failed to request forensic testing of the bag containing

---

[8]The District Court characterized these claims as follows:

> [(1)] counsel failed to investigate whether the female involved in the alleged drug transaction was a police officer, a police informant, or whether she was promised immunity,

> [(2)] counsel failed to verify crime scene evidence, and

> [(3)] counsel failed to develop overall trial strategy.

*Campbell v. Carroll*, 2005 WL 2917466 (D. Del. Nov. 4, 2005).

28

cocaine found at the scene (R.188a, 195a); (3) counsel's overall strategy was to raise reasonable doubt but he failed to pursue that strategy because he did not investigate into the female present at the scene or investigate the evidence against Mr. Campbell (R.206a).

Appellant's Br. at 29. Campbell insists that each of these claims was not only presented to, but also decided by, the Delaware Supreme Court in the post-conviction relief proceeding.[9]

Liberally construing and then comparing the voluminous pleadings in the state and federal proceedings in this case, *see Montgomery v. Brierly*, 414 F.2d 552, 555 (3d Cir. 1969) (calling for liberal construction of *pro se* habeas petitions), is a difficult task, and it is not surprising that the District Court and Campbell's court-appointed counsel reached somewhat different conclusions after doing so. We find it unnecessary for us to tread that path again and believe nothing constructive would be accomplished by our doing so. Rather, we will accept, *arguendo*, Campbell's insistence that the three claims described in his brief before us were presented to and rejected by the Supreme Court of Delaware.

---

[9]"On appeal from the denial of post-conviction relief, the Delaware Supreme Court . . . reviewed Mr. Campbell's ineffective-assistance claims. . . . As to each of Mr. Campbell's ineffective-assistance claims, the court summarily concluded: . . . 'Campbell has presented no evidence that any claimed error on the part of counsel resulted in prejudice to him.'" Appellant's Br. at 25-26.

As we have indicated, the Supreme Court of Delaware held that Campbell's petition and brief had provided no reason to believe that any of the alleged deficiencies in counsel's performance had resulted in *Strickland*-type prejudice to him. Accepting his factual allegations as true, the Court concluded that Campbell had failed to show a reasonable probability that, but for counsel's professional errors, the outcome would have been different. The District Court was powerless to overturn such a conclusion unless it was able to say it represented an unreasonable application of *Strickland*. Given the state court record, it could not do so.

Campbell simply did not allege in the state court what information investigation of the female at the scene or forensic testing of the bag would have produced that would have been helpful to him. It necessarily follows that the District Court did not err in denying habeas relief.

## III. Conclusion

The judgment of the District Court will be affirmed.

30