10-957-cr
United States v. Castro

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand eleven.**

PRESENT:

       JOSÉ A. CABRANES,
       DENNY CHIN,
            *Circuit Judges*,
       PAUL A. CROTTY,
            *District Judge.\**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee*,

  v.                                 No. 10-957-cr

LEDWIN CASTRO, AKA HUESO,

       *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

    \* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**          PETER J. TOMAO, Garden City, NY.

**FOR APPELLEE:**          JOHN J. DURHAM, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*, Emily Berger and Richard P. Donoghue, Assistant United States Attorneys, *of counsel*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Ledwin Castro ("defendant" or "Castro") appeals the judgment, entered by the District Court following his conviction after a jury trial on one count of conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6); three counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and three counts of discharging a firearm in connection with crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Castro was first tried and convicted before Judge Leonard D. Wexler of the Eastern District of New York and a jury in 2005. On appeal, we vacated the conviction on the grounds that law enforcement expert testimony elicited by the government violated the Federal Rules of Evidence and the Confrontation Clause of the Sixth Amendment to the Constitution. *See United States v. Mejia*, 515 F.3d 179, 208 (2d Cir. 2008). On remand, the case was reassigned to Judge Spatt. All seven counts involved defendant's alleged involvement in La Mara Salvatrucha ("MS-13"), an international gang, and, specifically, the drive-by shootings of three victims on June 18, 2003. Following his conviction at a second trial, Castro was sentenced principally to imprisonment for 60 years. On this appeal, he claims that (a) the government failed to establish the existence of the racketeering enterprise charged in the indictment; (b) several of the District Court's evidentiary and discovery rulings were incorrect; and (c) his case should be remanded for resentencing because certain counts of conviction were "duplicitous." We assume the parties' familiarity with the remaining facts and procedural history of this action.

## I. Insufficiency of evidence claim

Defendant claims that the government failed to prove that he was a member of the racketeering enterprise charged in the indictment. We review *de novo* a claim of insufficient evidence, applying the same standards as the district court. *United States v. Yanotti*, 541 F.3d 112, 120-21 (2d Cir. 2008). To prevail, defendant must establish that no rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *See Jackson v. Virginia*, 443 U.S 307, 319 (1979). We "may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt," *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks and citation omitted), and "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor," *United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010). Following a review of the record, we are persuaded that the government offered more than sufficient admissible evidence to prove that (1) MS-13 was a racketeering enterprise, (2) Castro was a member of MS-13, and (3) the June 18, 2003 shootings took place as part of MS-13's activities.

## II. Evidentiary claims

Defendant challenges five evidentiary rulings by the District Court. We "review a district court's decision to admit evidence for abuse of discretion, *see Old Chief v. United States*, 519 U.S. 172, 174 n.1 (1997), and . . . will reverse only if an error affects a 'substantial right,' Fed. R. Evid. 103(a)." *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005). "Reversal is necessary only if the error had a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Dukagjini*, 326 F.3d 45, 61-62 (2d Cir. 2003) (internal quotation marks omitted).

**(1)** Castro alleges that portions of testimony by former members of MS-13 violated the rules against hearsay and were not otherwise admissible as lay opinion testimony. These witnesses offered testimony regarding the practices of MS-13 and their experience with the organization. Such testimony was appropriate under Federal Rule of Evidence 701, which allows lay witnesses to testify to "opinions or inferences which are (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. We discern no error in the District Court's decision to admit the evidence at issue here.

**(2)** Castro claims that the District Court erred by permitting a special agent to testify as a law enforcement expert witness regarding MS-13. Specifically, he alleges that he was deprived of a fair trial because the government provided insufficient disclosure about the bases of the special agent's

opinions; the testimony included opinions not covered by pretrial disclosure; and the testimony in any event allegedly violated Castro's rights under the Confrontation Clause of the Sixth Amendment. The District Court permitted the special agent's testimony after receiving extensive disclosures regarding his qualifications, hearing various objections by defense counsel, and holding a *Daubert* hearing. *See Dukagjini*, 326 F.3d at 51-54 (explaining the rules for admitting expert testimony and demonstrating the use of *Daubert* hearings to determine the validity of expert testimony by law enforcement officials). During trial, the special agent offered testimony about the structure of MS-13, based upon his experience as a law enforcement officer. We have considered and approved of such testimony on numerous occasions. *See, e.g.*, *United States v. Matera*, 489 F.3d 115, 121 (2d Cir. 2007); *United States v. Feliciano*, 223 F.3d 102, 109( 2d Cir. 2000); *United States v. Locascio,* 6 F.3d 924, 936 (2d Cir. 1993); *United States v. Daly*, 842 F.2d 1380 (2d Cir. 1988); *United States v. Levasseur*, 816 F.2d 37, 45 (2d Cir. 1987); *United States v. Borrone-Iglar*, 468 F.2d 419, 421 (2d Cir. 1972). While some of the special agent's testimony may have relied on hearsay, we note that it is neither unusual nor improper for law enforcement officers who act as expert witnesses to "routinely and reasonably rely upon hearsay in reaching their conclusions." *Dukagjini*, 326 F.3d at 57. The special agent's testimony was not based upon individual interviews with members of MS-13, but instead, on his experience with this organization and careful analysis of its operations. The District Court did not abuse its discretion in admitting this testimony.

**(3)** Castro claims that the District Court inappropriately admitted evidence that Castro was involved in an uncharged shooting on Elk Street in Hempstead, New York. The government sought to admit such evidence in order to prove the existence of a RICO enterprise. As we noted with respect to this evidentiary question when it arose in Castro's first trial:

> Where, as here, the existence of a racketeering enterprise is at issue, evidence of uncharged crimes committed by members of that enterprise, including evidence of uncharged crimes committed by the defendants themselves, is admissible "to prove an essential element of the RICO crimes charged—the existence of a criminal enterprise in which the defendants participated." [*United States v.*] *Matera*, 489 F.3d [115,] at 120 [(2d Cir. 2007)]. The evidence was also admissible to show the existence of the conspiracy with which both Appellants were charged. *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999) ("Where . . . the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." (internal quotation marks omitted)). Although Appellants are correct in noting that evidence of a prior shooting presents a significant risk of prejudice, "[w]hen a defendant engaged in a criminal enterprise which involves very serious crimes, there is a likelihood that evidence proving the existence of the enterprise through its acts will involve a considerable degree of prejudice.

4

Nonetheless, the evidence may be of important probative value in proving the enterprise." *Matera*, 489 F.3d at 121.

*Mejia*, 545 F.3d at 206-07. As in Castro's first trial before Judge Wexler, Judge Spatt instructed the jury on the limited use of such evidence, Govt App. 211, and in light of those instructions, the evidence was appropriately admitted.

**(4)** Castro makes a similar claim with respect to evidence provided regarding three additional homicides. As clearly explained by the District Court, we "recognize[] the risk of prejudice to Castro in admitting evidence of these three uncharged homicides. However, because Castro disputes that MS-13 is a racketeering enterprise, this evidence is essential to the Government's efforts to show that the gang engaged in acts and threats of murder and thus carries considerable probative value." *United States v. Castro*, 659 F.Supp.2d 415, 421 (E.D.N.Y. 2009). As explained in *Mejia* and described above, such evidence, although posing a risk of prejudice, was of highly significant probative value in the circumstances presented at this trial and was appropriately admitted.

**(5)** Before and during trial Castro sought to admit his unredacted guilty plea to state charges stemming from the June 18, 2003 shootings, along with testimony of the former assistant district attorney responsible for that prosecution. The District Court precluded the evidence, finding it not relevant to the jury's consideration of the charges and expressing concern that such evidence could invite jury nullification because Castro had already been convicted of charges arising from the June 18 shootings in state court. Because we "categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent," *United States v. Thomas*, 116 F.3d 606, 614-618 (2d Cir. 1997), we conclude that the District Court did not abuse its discretion in avoiding the possibility of nullification by precluding such evidence.

### III. Claim of "duplicitous" charges

Defendant claims that Counts Two and Three, charging Castro with assault with a dangerous weapon, in violation of 18 U.S.C. § 1959, are duplicitous, as are Counts Five and Six, charging him with use of a firearm in connection with those assaults, in violation of 18 U.S.C. § 924(c). In both pairs of counts, the charge differs only with regard to the identity of the shooting victim. In *Mejia*, we held that the "testimony tends to show that Castro knew that the purpose of the Hempstead shooting was to shoot at multiple people . . . . The jury reasonably could have found that Castro intended to harm multiple individuals." *Mejia*, 545 F.3d at 204.

We are guided in these circumstances by the law of the case doctrine which, *inter alia*,

5

"requires a trial court to follow an appellate court's previous ruling on an issue in the same case . . . . This is the so-called mandate rule . . . [which] ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (footnote and citations omitted). In *Mejia*, we held that Counts Two and Three are not duplicitous because "the existence of a single conspiracy connecting [multiple] assaults does not preclude treating them as separate predicate offenses. . . . Although those separate shootings are clustered in time and space, that clustering does not somehow merge them into one predicate crime." *Mejia*, 545 F.3d at 205-06. We restate and reaffirm that holding here. Because Counts Two and Three, the predicate crimes to Counts Five and Six are not duplicitous, we accordingly hold that Counts Five and Six, are not duplicitous either.

## CONCLUSION

We have considered all of defendant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court