Hendrik **LIKET**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

No. 286, 1997.

Supreme Court of Delaware.

Submitted: Oct. 7, 1998.

Decided: Nov. 4, 1998.

Elwood T. Eveland, Jr. and James A. Natalie, Jr., Wilmington, for Appellant.

John Williams, Deputy Attorney General, Department of Justice, Dover, for Appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

PER CURIAM.

In this appeal, we affirm the trial court's admission of the testimony of a surprise prosecution witness to the effect that the defendant had confessed to him. The State failed to inform the defense of the existence or testimony of this witness prior to calling him to testify on the last day of the State's case-in-chief. We are asked to decide whether the State has a duty to disclose in advance the identity or testimony of a prosecution witness when such information is not exculpatory. We decide that it does not have such a duty.[1]

### *Facts*

On January 20, 1996, Chris Moore and his son Cecil engaged Dana Fleming in a physical confrontation concerning money that Chris Moore claimed Fleming owed him. On the evening of January 22, 1996, Hendrik Liket and two other friends of Chris Moore (the "co-defendants") approached Irvin Moore (no relation to Chris or Cecil) at a bar near Newark, Delaware. Irvin Moore claims that Liket shoved a gun into his mouth, demanding to know Fleming's whereabouts.

When he was able to get away, Irvin Moore called Fleming to warn him that Liket was on his way. While on the phone with Irvin Moore, Fleming saw Liket and the co-defendants pull into his driveway. Fleming testified that he saw Liket carrying a gun. Irvin Moore, who appeared on the scene soon thereafter, also testified that he saw Liket holding a gun. The police arrived prior to any confrontation between the parties and arrested Liket and the co-defendants following a short chase. At the time of the arrest,

---

1. We are not asked to decide, and therefore do not address, the issue of whether a trial judge can require such disclosure with a specific pre-trial order.

the police found no guns on the persons or in the vicinity of Liket and the co-defendants. The next day, Fleming reported, and the police recovered, a gun and a knife behind Fleming's house. Although the State had no physical evidence linking these weapons to Liket, it contended that these weapons were the ones he brandished at Fleming's house before the police arrived.

The State charged Liket with several felonies and misdemeanors: Attempted Assault in the First Degree, Possession of a Firearm during the Commission of a Felony (two counts), Aggravated Menacing, Conspiracy in the Second Degree, Reckless Endangering in the First Degree, Resisting Arrest, Criminal Trespass in the Third Degree and Criminal Mischief.

On the last day of the State's case-in-chief, the State called Matthew Feldman, whose existence the State had not previously disclosed to the defense. Feldman testified to a confession Liket made in the spring or summer of 1996. Specifically, Feldman testified that he gave Liket a ride home one day, during the course of which Liket confessed that he had threatened to kill Irvin Moore and that he had gone to Fleming's house with a gun, intending to kill Fleming. Fleming's counsel objected to Feldman's testimony as a whole, but did not request additional time to prepare for this surprise witness.

At the conclusion of trial, the jury convicted Liket of all charges except Criminal Mischief and the trial court sentenced him to fifteen years' imprisonment. Liket raises two contentions on appeal. He first contends that the trial court abused its discretion by admitting Feldman's testimony on the ground that the State never revealed Feldman's existence to the defense prior to trial. Liket further argues that the State did not meet its burden of establishing beyond a

reasonable doubt that he possessed a gun during the incident at Fleming's house, a necessary element of several of the offenses of which the jury found him guilty.

### *Feldman's Testimony*

■ The admission of testimony over defense objections is within the sound discretion of the trial court and this Court will review the trial court's decision solely for clear abuses of discretion.[2]

The trial court allowed Feldman to testify, apparently agreeing with the State's argument that the Delaware Superior Court Criminal Rules ("Criminal Rules") do not require the State to furnish the defense with a list of possible witnesses at any point. Before allowing him to testify, the trial court conducted a special venire to ensure that no member of the jury had any objectionable connection to Feldman.

■ The State clearly has a duty to disclose any piece of evidence that might tend to be exculpatory.[3] This includes the identity of witnesses whose testimony or background may tend to exculpate the defendant.[4] This duty, however, does not extend to the disclosure of material that is non-exculpatory.[5] When the testimony or background of a witness offers no exculpatory value, the State does not have to disclose the identity of that witness prior to that witness' testimony.[6]

Delaware case law is not the only source for this conclusion. The Criminal Rules address the State's discovery obligations in a criminal trial. Criminal Rule 16(a), setting forth the specific discovery obligations, nowhere requires that the State disclose the

2. See *Lloyd v. State*, Del.Supr., 622 A.2d 1096 (1993).

3. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Gattis v. State*, Del.Supr., 697 A.2d 1174, 1179 (1997).

4. See *Lilly v. State*, Del.Supr., 649 A.2d 1055, 1057 (1994); *State v. Anderson*, Del.Super., C.A. No. IN–91–09–0959–R1, 1996 WL 769265 (1996).

5. See *Lilly*, 649 A.2d at 1058.

6. See *State v. Stewart*, Del.Super., 1987 WL 6449 (1987) ("Defendant also contends that the State was obliged to disclose the existence of this witness and the nature of his testimony prior to calling him. No such obligation on the part of the State exists....").

existence of witnesses.[7] By contrast, the Superior Court Civil Rules [8] and the Court of Chancery Rules [9] specifically require parties to provide pre-trial witness lists. This implies that the failure of the Superior Court to include language requiring pre-trial discovery of witness lists in the Criminal Rules was not merely an oversight.

Although not binding on these proceedings, the Federal Rules of Criminal Procedure offer some valuable insight into the issue of pre-trial discovery of prosecution witnesses. Rule 16 of the Federal Rules, dealing with discovery obligations of both parties, does not require either party to disclose potential witnesses prior to trial. The Advisory Committee Historical Notes to Federal Criminal Rule 16 demonstrate an attempt by the Advisory Committee to amend Rule 16 to require the prosecution to disclose witnesses upon a request from the defense.[10] A joint conference of the United States House of Representatives and the United States Senate rejected this provision, stating that "[i]t is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial." [11]

█ Liket concedes that Feldman's existence was not exculpatory in any way. Considering the fact that the State has no duty summarily to disclose its potential witnesses, the remainder of Liket's claims lack merit. He claims that the State, in failing to disclose Feldman's existence prior to trial, subjected him to unfair surprise. As the United States Supreme Court has stated in denying relief on a similar claim, "[i]f the defense felt unprepared to undertake effective cross-examination, one would think a formal motion for continuance would have been forthcoming, but none was ever made; counsel moved only that the evidence be excluded." [12] In this case, Liket merely objected to the admission of Feldman's testimony. He cannot now object that the State's failure to disclose denied him the right effectively to examine Feldman when he failed to request a continuance that would have given him that time.

█ Liket claims that the State's failure to disclose Feldman's testimony denied him the right to plea bargain effectively. But the constitution provides no such right.[13] He next argues that the surprise witness denied him the effective assistance of counsel, a claim that is inappropriate on direct appeal.[14] Finally, Liket claims that the State's failure to disclose Feldman's existence impermissibly tainted the effectiveness of the jury venire. In this case, the trial court conducted a special inquiry of the jury regarding Feldman, solving this potential problem. Considering the foregoing, we find that the trial court did not abuse its discretion in admitting Feldman's testimony.

7. The Superior Court's 1991 Criminal Administrative Order, at Section 8(c), states that the State must comply "with any requested disclosures pursuant to Superior Court Criminal Rule 16(a)(1) through (3)." But Section 8(c) only applies where the dispute concerns whether the requested materials either fall under Rule 16 or are worthy of a protective order. Even had Liket made a pre-trial request for disclosure of a witness list (and Liket presents no evidence to so indicate), Rule 16 does not apply to disclosure of the existence of State witnesses.

8. Superior Court Civil Rule 127(a) states, "[w]ithin seven days of filing of the answer, a plaintiff shall serve upon the answering defendant ... a list of witnesses that plaintiff intends to call at trial." Superior Court Civil Rule 130 states that if the parties choose to present the testimony of live witnesses, they must provide a pre-trial order that includes, "a list of the witnesses each party expects to introduce at trial."

9. Court of Chancery Rule 16(b) requires that, unless the Court otherwise directs, both parties submit pre-trial orders. Rule 16(c)(6) requires that such pre-trial orders include, "[a] list of witnesses, including experts, who will be called by each party at the trial...."

10. In support of this amendment, the Advisory Committee noted twenty two states (not including Delaware) that require the prosecution to disclose its potential witnesses to the defense prior to trial. It should be noted that in each of these twenty two states, the basis for this duty is rooted in a rule or statute, rather than general constitutional protections. *Fed.R.Crim.P.* 16, Advisory Committee Historical Notes.

11. *Id.*

12. *Gray v. Netherland,* 518 U.S. 152, 167, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996), quoting *Gray v. Thompson,* 58 F.3d 59, 64 (4th Cir.1995).

13. *See Weatherford v. Bursey,* 429 U.S. 545, 546, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

14. *See Duross v. State,* Del.Supr., 494 A.2d 1265, 1267 (1985).

### The Weapons–Related Charges

 Liket contends that no rational trier of fact could have found him guilty of the charges that included possession of a weapon as an element. In deciding such questions, this Court conducts a *de novo* review to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find Liket guilty beyond a reasonable doubt of the firearms related charges.[15] But we review only for clear error if the defendant has failed to properly preserve this issue by raising a timely motion for judgment of acquittal to the trial court.[16]

In this case, Liket failed to produce any portion of the trial record evidencing a motion for judgment of acquittal. Even under the typical *de novo* review, however, Liket's claim must fail. The issue of whether he brandished a gun at Fleming's residence is an issue of witness credibility to be decided by the jury.[17] We find that a rational trier of fact, viewing the evidence in the light most favorable to the State, could find Liket guilty beyond a reasonable doubt based simply upon the witness testimony at trial. The trial court did not commit a clear error in permitting Liket's conviction for the weapons related charges.

### Conclusion

In light of the foregoing, we affirm Liket's convictions.

---

**15.** *See Davis v. State,* Del.Supr., 706 A.2d 523, 525 (1998) (Per curiam); *Williams v. State,* Del. Supr., 539 A.2d 164, 168, *cert. denied,* 488 U.S. 969, 109 S.Ct. 500, 102 L.Ed.2d 536 (1988).

**16.** *See Gordon v. State,* Del.Supr., 604 A.2d 1367, 1368 (1992); *Del.Super.Ct.Cr.R.* 29.

**17.** *See Quarles v. State,* Del.Supr., 696 A.2d 1334, 1340 (1997); *Knight v. State,* Del.Supr., 690 A.2d 929, 932 (1996).