**Tschaka W. FORTT, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 618, 1999.**

Supreme Court of Delaware.

Submitted: Dec. 14, 2000.
Decided: March 13, 2001.

Raymond M. Radulski, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before WALSH, HOLLAND and BERGER, Justices.

HOLLAND, Justice.

From January 12, 1998 through January 16, 1998, two armed robberies and an attempted armed robbery occurred in the Newark area. Four eyewitnesses to the three crimes all identified the defendant-appellant, Tschaka W. Fortt, as the perpetrator. Fortt was indicted on two counts of Robbery in the First Degree, one count of Attempted Robbery in the First Degree, three counts of Possession of a Firearm During the Commission of a Felony, and two counts of Wearing a Disguise. The *nolle prosequi* was entered as to the Wearing a Disguise counts.

Following a jury trial at which he did not testify, Fortt was found guilty of all remaining charges. Fortt was sentenced to minimum mandatory terms of incarceration of two years at Level V on each of the robbery and attempted robbery charges, followed by probation. Fortt was also sentenced to three years of incarceration at Level V on each of the weapons charges, followed by probation. This is Fortt's direct appeal.

Fortt has raised three issues in this Court. First, he alleges that the Superior Court committed reversible error by denying a motion for severance of his trials for each separate incident. Second, Fortt alleges that the Superior Court erred in denying a motion for a judgment of acquittal on the firearm offense relating to the University Exxon robbery. Finally, Fortt contends that the Superior Court erroneously admitted a gun into evidence because that weapon was not linked to any of the alleged robberies.

We have concluded that although the Superior Court erroneously admitted the gun into evidence, the error was harmless. We have also concluded that Fortt's other

two arguments are without merit. Accordingly, the judgments of the Superior Court are affirmed.

### The University Plaza Exxon Robbery

At approximately 10:30 p.m. on January 12, 1998, Sarah Kiefer was working as a clerk cashier at the University Plaza Exxon. A man wearing a black hooded sweatshirt approached the counter with a gun in one hand and a backpack in the other. The man threw the backpack on the counter. He then screamed at Kiefer to fill the backpack with money from the store cash register.

On the evening of January 16, 1998, Kiefer selected Fortt's picture from an array containing the photographs of six individuals. During her testimony at trial, Kiefer identified Fortt in the courtroom as the robber. Kiefer stated she observed the robber inside the lighted store from approximately three feet away. She also testified that she was sure Fortt was holding a gun.

While the University Exxon robbery was in progress, Charles Brown was making a fuel delivery to the gasoline station. Brown went inside the station as the robber was departing. When Kiefer said that she had just been robbed, Brown went back outside and watched Fortt enter the driver's side of a car parked behind the building. As the getaway car drove off, Brown noticed a temporary tag taped to the back window of the vehicle. Brown also made a courtroom identification of Fortt as the robber.

### The Kirkwood Highway Pathmark Attempted Robbery

On the early morning of January 14, 1998, Edwina Richards drove her automobile to the Kirkwood Highway Pathmark store to do her grocery shopping. A man wearing a backpack approached Richards in the parking lot and demanded the keys to her car. When Richards observed a semiautomatic pistol in the man's hand, she began screaming for help. Richards testified that she had a close view of the attempted carjacker's face from a distance of approximately eighteen inches. She made a courtroom identification of Fortt as the person who had attempted to steal her car at gunpoint.

### The Newark Wilmington Trust Robbery

On the morning of January 16, 1998, the Chesmar branch of the Wilmington Trust Company in Newark, Delaware was robbed of approximately $3,300. The robber walked up to Deborah Pineault's teller counter in the bank, pointed a black gun at her, and handed her a note demanding money. She observed the robber's face from approximately two feet away. Pineault testified at trial that she was certain that Fortt was the person who robbed her. The bank surveillance videotape of the robbery was also admitted into evidence and shown to the jury.

### Firearm Evidence Sufficient

Count II of Fortt's grand jury indictment charged him with Possession of a Firearm During the Commission of a Felony at the January 12, 1998 robbery of the University Plaza Exxon. At the conclusion of the State's case, Fortt's attorney moved for a judgment of acquittal, pursuant to the provisions of Delaware Superior Court Criminal Rule 29(a), as to Count II only of the indictment. Fortt did not challenge the sufficiency of the trial evidence as to the other counts of his indictment, including the other two other charges of Possession of a Firearm During the Commission of a Felony.

In support of the partial motion for a judgment of acquittal before the Superior Court and on appeal, Fortt submits that "unlike the other victims, Keifer never testified that it looked like a real gun or that she even thought it was a real gun." This assertion is contradicted by the factual record. The contention disregards several statements in the trial testimony of Keifer which characterize what was being pointed at her as a gun. One of those references

is an exchange between the prosecutor and Keifer, as follows:

Q. And were you sure that it was a gun?

A. Yes.

Keifer also testified that she gave Fortt the money in her register because "He was standing there holding a gun on me." In addition, Keifer testified that Fortt "had the gun in one hand, and the backpack in the other."

█ With regard to Fortt's motion for a judgment of acquittal, the issue for the Superior Court and for this Court to determine is the same. To wit, could any rational trier of fact, viewing the evidence in the light most favorable to the State, have found the essential elements of the Possession of a Firearm During the Commission of a Felony charge associated with the January 12 1998 robbery of the University Plaza Exxon beyond a reasonable doubt?[1] The Superior Court properly concluded, that on the basis of Keifer's testimony, a rational trier of fact could find the "gun" possessed by the robber was a "firearm" as that term is defined in 11 *Del. C.* § 222(11).[2] Consequently, on the basis of Keifer's entire testimony, a rational trier of fact could find that Fortt was in possession of a "firearm" during the commission of the University Plaza Exxon robbery. Accordingly, the trial judge properly denied the defense partial motion for a judgment of acquittal as to Count II.

### Severance Properly Denied

█ In a single indictment, the State charged Fortt with armed robberies on January 12 and January 16, 1998, and an attempted armed robbery on January 14, 1998. That same indictment included companion firearm possession charges relating to each incident. Superior Court Criminal Rule 8(a) permits such a joiner "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[3] The rule permitting joinder of offenses "is designed to promote judicial economy and efficiency, provided that the realization of those objectives is consistent with the rights of the accused."[4]

Fortt filed a pretrial motion to sever the charges and have three separate trials for each of the respective incidents on January 12, 14 and 16, 1998. In his motion, Fortt claimed that he would be prejudiced by a joint trial of the three incident because "there is a likelihood that the jury may be confused and return a verdict based not on the evidence, but on the sheer number of charges presented." The Superior Court denied Fortt's pretrial motion for severance of his trials on the basis of this Court's holding in *Younger*.[5]

█ Severance is not required *ipso facto*, simply because the alleged charges involve different victims and occur at separate times.[6] In *Younger*, this Court noted

1. See *Seward v. State,* Del.Supr., 723 A.2d 365, 369 (1999); *Liket v. State,* Del.Supr., 719 A.2d 935, 939 (1998); *Williams v. State,* Del. Supr., 539 A.2d 164, 168 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

2. See 11 *Del. C.* § 222(11) ("'Firearm' includes any weapon from which a shot, projectile or other object may be discharged by force of combustion, explosive, gas and/or mechanical means, whether operable or inoperable, loaded or unloaded."); *see generally Seward v. State,* 723 A.2d at 369; *Cline v. State,* Del.Supr., 720 A.2d 891, 892 (1998); *Liket v. State,* 719 A.2d at 939. A weapon may be manifested to a victim even though

the victim never sees a gun. See *Harrigan v. State,* Del.Supr., 447 A.2d 1191, 1193 (1982); *State v. Smallwood,* Del.Supr., 346 A.2d 164, 167 (1975).

3. Super. Ct.Crim. R. 8(a).

4. *Weddington v. State,* Del.Supr., 545 A.2d 607, 615 (1988) (quoting *Mayer v. State,* Del. Supr., 320 A.2d 713, 717 (1974)).

5. *Younger v. State,* Del.Supr., 496 A.2d 546, 550 (1985).

6. *Id.* at 550; *McDonald v. State,* Del.Supr., 307 A.2d 796, 798 (1973) ("The mere fact that the crimes were 'separate,' committed against

that "where offenses are of the same general character, involve a similar course of conduct and are alleged to have occurred in a relatively brief span of time it is proper to try the offenses together." [7] In *Younger*, this Court also reaffirmed that the burden is on the defendant to establish "substantial injustice" or unfair prejudice in order to be entitled to a severance of charges.[8]

In the Superior Court and in this Court, Fortt has only alleged hypothetical prejudice that his jury was confused by the evidence or that it accumulated the evidence improperly against him. Allegations of mere hypothetical prejudice are insufficient to carry the defendant's burden of proof.[9] Consequently, Fortt has failed to demonstrate a reasonable probability that "substantial injustice" or unfair prejudice resulted from the joint trial of the alleged robbery offenses in his case.[10]

The State also points out that Fortt's jury was instructed to evaluate the evidence as to each count in the indictment separately during its deliberations. Specifically, Fortt's jury was instructed that "[y]ou must consider each count separately and return a separate verdict as to each. Just because you reach a conclusion as to one count, it does not mean that the conclusion would apply to other counts. Each count must be considered separately." The jury is presumed to understand and follow the instructions given by the Superior Court.[11]

A trial judge's denial of a pretrial motion for severance of charges is reviewed on appeal for an abuse of discretion.[12] "An abuse of discretion occurs when 'a court has ... exceeded the bounds of reason in view of the circumstances,' [or] ... so ignored recognized rules of law or practice ... to produce injustice." [13] We have concluded that the Superior Court properly exercised its discretion in denying Fortt's pretrial motion for severance.

### *Handgun Error Harmless*

Fortt's final contention is that the Superior Court improperly overruled the defense objection to the admission of a nine millimeter handgun seized at the residence of Aaron Jackson, where Fortt was arrested. Fortt's argument at trial and on appeal is that the gun, introduced as State's Exhibit # 32, was not sufficiently linked with the firearm possessed by the robber in the three January, 1998 incidents. In support of his argument, Fortt relies upon this Court's decision in *Farmer*.[14]

In this appeal, the State acknowledges that the handgun admitted as State's Exhibit # 32 was not identified by any of the three robbery victims as appearing to be the same or similar to the weapon utilized in the three January, 1998 incidents.

different individuals with a lapse of time in between them, does not require severance.").

7.  *Younger v. State*, 496 A.2d at 550.

8.  *Id.; see Bates v. State*, Del.Supr., 386 A.2d 1139, 1141–42 (1978); *Lampkins v. State*, Del. Supr., 465 A.2d 785, 794 (1983).

9.  *Younger v. State*, 496 A.2d at 550 (quoting *Bates v. State*, 386 A.2d at 1142).

10.  *See Howard v. State*, Del.Supr., 704 A.2d 278, 280 (1998); *Bates v. State*, 386 A.2d at 1141.

11.  *See Dawson v. State*, Del.Supr., 637 A.2d 57, 62 (1994).

12.  *See Steckel v. State*, Del.Supr., 711 A.2d 5, 9 (1998); *Howard v. State*, 704 A.2d at 280; *Weddington v. State*, Del.Supr., 545 A.2d 607, 616 (1988); *Wiest v. State*, Del.Supr., 542 A.2d 1193, 1195 (1988); *Bates v. State*, 386 A.2d at 1141.

13.  *Lilly v. State*, Del.Supr., 649 A.2d 1055, 1059 (1994) (quoting *Firestone Tire & Rubber Co. v. Adams*, Del.Supr., 541 A.2d 567, 570 (1988)); *see also Floudiotis v. State*, Del. Supr., 726 A.2d 1196, 1202 (1999).

14.  *Farmer v. State*, Del.Supr., 698 A.2d 946, 948–49 (1997).

Jackson, in whose home the weapon was discovered, testified that Fortt had never seen the gun and "never even was aware of it." Nevertheless, the State argues that the handgun introduced as State's Exhibit # 32 was admissible and relevant to demonstrate that Fortt had access to such a weapon.

■ The decision of a trial judge to admit or exclude evidence on relevancy grounds is reviewed on appeal under an abuse of discretion standard.[15] Delaware Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[16] "Evidence which is not relevant is not admissible."[17]

■ In *Farmer,* this Court held evidence that a defendant, charged with a weapon's offense, had access to a firearm is probative only if that particular firearm is connected to the specific criminal act charged.[18] In *Farmer,* we held that the "nexus requirement" must be satisfied as a predicate to admissibility.[19] Accordingly, in *Farmer,* we stated "it is not sufficient that the defendant had a hand gun available to him."[20] In *Farmer,* we concluded that it was an abuse of discretion for the trial judge to admit into evidence a gun that the State concededly could not link to the shooting in question.[21]

■ Similarly, in Fortt's case, we hold that it was an abuse of discretion for the trial judge to admit State's Exhibit # 32 into evidence without a satisfactory predicate testimonial or other evidentiary link to any of the three alleged January 1998 crimes. In *Farmer,* we could not say "with any confidence that the speculative evidence concerning the gun found in Farmer's apartment was not a factor in the jury's deliberations."[22] In Fortt's case, however, we have concluded that the error was harmless.

All three of the complaining witnesses testified unequivocally that Fortt possessed a handgun. We are confident that the jury's verdicts, convicting Fortt of the three firearm possession charges, were based upon that clear and convincing trial testimony by the three complaining witnesses. Accordingly, the error by the trial judge in allowing the admission of the handgun as State's Exhibit # 32 was harmless beyond a reasonable doubt.[23]

### CONCLUSION

The final judgments of the Superior Court are affirmed.

---

15. *Id.; Hovington v. State,* Del.Supr., 616 A.2d 829 (1992).

16. D.R.E. 401.

17. D.R.E. 402.

18. As we explained in *Farmer:*

    Evidence that a defendant, charges with a shooting, had a firearm in his possession is surely probative if that firearm is tied to the criminal act. But without a satisfactory evidentiary link, such evidence carrier the risk that the jury may associate mere ownership of a firearm with a disposition to use it. Speculation based on mere ownership of instruments adaptable for use in a crime subjects the defendant to the same risk that impermissible character or bad act evidence may post—equating disposition with guilt.
    *Farmer v. State,* 698 A.2d at 949.

19. *Id.* at 948–49; *Whitfield v. State,* Del.Supr., 524 A.2d 13, 15–17 (1987).

20. *Farmer v. State,* 698 A.2d at 949.

21. *Id.*

22. *Id.*

23. D.R.E. 103(a); Super. Ct.Crim. R. 42(a); *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See generally Jackson v. State,* Del.Supr., 643 A.2d 1360, 1369 (1994); *Nelson v. State,* Del.Supr., 628 A.2d 69, 77 (1993).