# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1606018986A |
| | ) | |
| DOMINIQUE MELTON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 9, 2018
Decided: June 21, 2018

***Upon Defendant's Motion for Postconviction Relief***
**DENIED**

## ORDER

Upon consideration of the Motion for Postconviction Relief filed by Defendant Dominique Melton ("Defendant"); Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the facts, arguments, and legal authorities set forth in Defendant's Motion; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.      On January 23, 2017, the day trial was scheduled to begin, Defendant pled guilty to Robbery Second Degree, Assault Second Degree, Possession of a Firearm During Commission of a Felony, and Conspiracy Second Degree. Defendant was represented by John S. Malik, Esquire ("Trial Counsel").

2.      Defendant was sentenced on March 24, 2017 as follows: for Possession of a Firearm During Commission of a Felony, 5 years at Level 5, no probation to

follow; for Conspiracy Second Degree, 60 days at Level 5, no probation to follow; for Assault Second Degree, 8 years at level 5, suspended after 1 year for Level 4 DOC Discretion, suspended after 6 months for Level 3; and for Robbery Second Degree, 5 years at Level 5, suspended after 1 year for 2 years at Level 3.

3. Defendant did not file a direct appeal. The judgment of conviction became final on April 23, 2017.[1]

4. On March 14, 2018, Defendant filed a Motion for Postconviction Relief ("PCR Motion") as a self-represented litigant. Defendant raises two interrelated claims in his PCR Motion. First, Defendant claims that Trial Counsel was ineffective by failing to provide Defendant with discovery materials produced by the State under Superior Court Rule of Criminal Procedure 16 ("Rule 16"). Second, Defendant claims that Trial Counsel coerced him into pleading guilty by not providing him the requested discovery materials.

5. Before addressing the merits for postconviction relief, this Court must first consider the procedural requirements of Rule 61(i).[2] A motion is procedurally sufficient for consideration on the merits if it is the defendant's first motion,[3] the

---

[1] *Jackson v. State*, 654 A.2d 829, 832 (Del. 1995) (explaining that a defendant who does not take a direct appear is subject to a "finality" date of 30 days after sentencing).
[2] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[3] Super. Ct. Crim. R. 61(i)(2).

motion is timely,[4] and the motion does not assert grounds for relief already adjudicated.[5] Defendant's PCR Motion is his first motion for postconviction relief. In addition, Defendant's PCR Motion is timely because it was filed within 1 year of April 23, 2017, the date on which the judgment of conviction became final. Lastly, Defendant's PCR Motion does not appear to raise grounds for relief already adjudicated. Therefore, Defendant's PCR Motion is not procedurally-barred, and will be considered on the merits.

6. Defendant first argues that Trial Counsel was ineffective by failing to provide him with discovery materials under Rule 16. Ineffective assistance of counsel claims are governed by the two-prong test established in *Strickland v. Washington*.[6] In order to satisfy Strickland, the movant must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness,[7] and (2) that counsel's errors prejudiced the defendant.[8] In considering the first prong, there is a strong presumption that counsel's actions were professionally reasonable.[9] In considering the second prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(i)(4).
[6] 466 U.S. 668 (1984).
[7] *Id.* at 688.
[8] *Id.* at 694.
[9] *Id.* at 688.

3

would have been different."[10]  Failure to prove either prong renders the claim insufficient.[11]

7.  Defendant cannot establish that Trial Counsel was ineffective under *Strickland*.  Defendant argues that Trial Counsel was required to provide Defendant with all discovery materials under Rule 16 because Defendant "had the right to review all the [S]tate had against [him]."[12]  Defendant misunderstands Rule 16. While Rule 16 does entitle Defendant to the production of certain discovery materials from the State,[13] it does not entitle the Defendant to review all of the evidence in the State's possession.[14]  Moreover, under Rule 16(d), the Court may issue a protective order that limits a defendant's ability to review certain discovery materials.[15]  In this case, the Court issued a protective order on October 17, 2016, which prevented Trial Counsel from disclosing witness statements to Defendant.  As a result, contrary to Defendant's arguments, Trial Counsel was bound by Court Order *not* to produce certain discovery materials to Defendant, such that his failure

---

[10] *Id.* at 694.

[11] *Id.* at 700.

[12] Defendant's Mot. For Postconviction Relief, March 14, 2018.

[13] Super. Ct. Crim. R. 16.

[14] For example, the names of witnesses are not ordinarily discoverable under Rule 16, and are protected from discovery by the Victim's Bill of Rights. *See Liket v. State*, 719 A.2d 935, 937-38 (Del. 1998); 11 *Del. C.* § 9403(a).  In addition, pursuant to *Jencks v. United States*, 353 U.S. 57 (1957), non-exculpatory interviews and witness statements are not discoverable until the witness testifies at trial.

[15] Super. Ct. Crim. R. 16(d)(1).

to do so did not fall below an objective standard of reasonableness. Therefore, Defendant's ineffective assistance of counsel claim under *Strickland* must fail.

8. Defendant's second argument is that Trial Counsel coerced him into pleading guilty by refusing to provide him with the discovery materials. As discussed, a protective order prohibited Trial Counsel from disclosing certain discovery materials to Defendant. Therefore, Defendant cannot establish that Trial Counsel withheld discovery in order to coerce Defendant to take a plea.

9. In addition, Defendant has not otherwise established that his plea was not knowing, intelligent, and voluntary. "A defendant bears the burden of proving that his plea was involuntary or that he misapprehended his legal rights."[16] Moreover, "Absent clear and convincing evidence to the contrary, [a defendant] is bound by all the representations he made at the plea colloquy."[17] Here, Defendant has not set forth any facts or evidence to show that his plea was not knowing, intelligent, and voluntary. Therefore, Defendant's claim that his plea was somehow coerced and involuntary must fail.

10. Accordingly, Defendant is not entitled to postconviction relief because Defendant failed to establish that Trial Counsel was ineffective or that his guilty plea was coerced.

---

[16] *State v. Saunders*, 2004 WL 772070, at \*4 (Del. Super. Apr. 12, 2004).
[17] *Hammons v. State*, 2005 WL 2414271, at \*1 (Del. 2005).

5

NOW, THEREFORE, this 21st day of June, 2018, Defendant's Motion for Postconviction Relief is hereby DENIED.

IT IS SO ORDERED.

_____
The Honorable Andrea L. Rocanelli