# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         :

                       :     Kent County

     v.               :

                       :

ALVIN L. WILLIAMS,      :

I.D. No. 1808020201      :

   and

JIMMY F. ARTIS,         :

I.D. No. 1808020266      :

                       :

     Defendants.      :


Submitted: January 3, 2019
Decided: January 16, 2019

## ORDER

Upon Defendants' Motions for Reargument.
*Granted.*


Sean A. Motoyoshi, Esquire of the Department of Justice, Dover, Delaware; attorney for the State of Delaware.

Zachary A. George, Esquire of Hudson Jones Jaywork & Fisher, LLC, Dover, Delaware; attorney for Defendants.


WITHAM, R.J.

## INTRODUCTION

Before the Court are Defendants, Alvin Williams and Jimmy Artis ("Williams/Artis"), and their Motions for Reargument.[1] Both motions follow this Court's November 21, 2018 order that denied Williams/Artis' Motion to Disclose Confidential Informants.[2] The State filed its response in opposition to the instant motion on December 10, 2018. The Court heard oral arguments on December 21, 2018 and reserved judgment.

After carefully considering the motions, responses, and oral arguments, the Court finds Williams/Artis have demonstrated sufficient grounds for reargument. For the forthcoming reasons, the motions for reargument are hereby **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Williams is charged with one count of drug dealing pursuant to 16 *Del. C.* § 4754(1). He filed his motion to disclose confidential informants on October 9, 2018[3] and asserted that individuals he allegedly sold drugs to were identified in an Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") report by Detective

---

[1] This order is applicable to both Williams and Artis' motions for reargument, however, these Defendants are being tried separately.

[2] The Court notes that both motions to disclose confidential informants are almost identical. The only difference between the motions is that in Williams' motion, he includes confidential informant identifying information specifically identifying the individuals in question as "[confidential informant] 1850" and "[confidential informant] 8892" that was contained in an ATF report authored by "Detective Bumgarner." Artis' motion to disclose confidential informants only speaks of the individuals as "confidential informants" generally, without specific identifiers. The Court further notes that both Defendants' motions for reargument are identical.

[3] Williams (W.) Mot. to Disclose Confidential Informant, Oct. 9, 2018.

Bumgarner, as confidential informants 1850 and 8892.[4]

2. Artis is charged with four counts of drug dealing pursuant to 16 *Del. C.* § 4754(1). He filed his motion to disclose confidential informants on October 18, 2018[5] and also asserted that individuals he allegedly sold drugs to were confidential informants.

3. The Court denied both motions in an order on November 21, 2018. Williams/Artis subsequently filed timely motions for reargument on November 26, 2018.[6] The State filed its responses in opposition on December 10, 2018 and oral arguments were heard on December 21, 2018.[7] The Court reserved judgment.

## STANDARD OF REVIEW

4. A motion for reargument in a criminal case is governed by Superior Court Civil Rule ("Rule") 59(e).[8] Upon a Rule 59(e) motion, the Court has the discretion[9]

---

[4] *Id.* at ¶ 4. The ATF report was not presented to the Court at the time of the initial motion to disclose confidential informants, nor was it presented in Williams' motion for reargument, or oral argument.

[5] Artis Mot. for Disclose Confidential Informant, Oct. 18, 2018.

[6] *See Binaird v. State*, 2014 WL 7454239, at *2 (Del. 2014) ("A motion for reargument must be filed within five days of the filing of the Superior Court's decision."); *see also* Super. Ct. Crim. R. 45(a) (the five days excludes Saturdays, Sundays and legal holidays).

[7] As a result of Williams/Artis presenting, for the first time, case law that the State was unprepared to address, the Court granted an extension until January 3, 2019, which served as a final opportunity for the Defendants and the State to submit additional case law not previously cited in motions or responses.

[8] *State v. Harrison*, 2016 WL 5871628, at *1 (Del. Super. Oct. 6, 2016) (citing *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. Mar. 22, 2016).

[9] *State v. Remedio*, 2015 WL 511059, at *1 (Super. Ct. Jan. 26, 2015).

to determine the merits of the motion.[10]

5. A motion for reargument will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[11] A motion for reargument is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not previously raised.[12]

6. The party seeking reargument has the burden to demonstrate newly discovered evidence, a change in the law, or *manifest injustice*.[13]

## DISCUSSION

7. The Court will first address Williams' motion for reargument.[14] Williams argues that the Court "misapprehended the law and facts in a manner that would change the outcome of the case."[15] As before, he asserts that the State's witnesses were in fact not witnesses, but "confidential informants [as] parties to the alleged illegal transaction...."[16] and fall under *Flowers*[17] Category 4, requiring disclosure.

8. Now, however, for the first time, Williams argues that there is an issue of

---

[10] *Id.* (citing Super. Ct. Civ. R. 59(e)).

[11] *Brinkley*, 132 A.3d 839, 842 (Del. Super. Mar. 22, 2016) (citing *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[12] *Kennedy*, 2016 WL 488590, at *1.

[13] *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008) (emphasis added).

[14] Williams (W.) Mot. for Reargument at ¶ 6, Nov. 26, 2018.

[15] *Id.*

[16] *Id.* at ¶ 7. *See also* W. Mot. to Disclose Confidential Informant at ¶ 5.

[17] 316 A.2d 564 (Del. Super. 1973).

material fact regarding whether the witnesses are "witnesses" or "confidential informants." He asserts the State's classification of these individuals as witnesses requires the Court to hold a *Flowers* evidentiary hearing to determine whether the witnesses are in fact "witnesses," or "confidential informants."[18]

9. The State, in opposition, counters that a *Flowers* hearing is inappropriate because it has not, nor does it intend to, invoke its privilege pursuant to Delaware Uniform Rule of Evidence (D.R.E.) 509[19] regarding confidential informants because there are no confidential informants in this case.[20] At oral argument, the State argued that the individuals' identities would be disclosed before trial, where they would be called to testify as witnesses for the State.

10. At first glance, Williams' motion for reargument appears to be a new argument and prohibited pursuant to Rule 59(e). He further fails to present new evidence that might support his assertion.

11. Delaware law is clear. Superior Court Criminal Rule ("Rule") 16 provides that the State is not required to disclose the identity of its witnesses prior to trial[21] or to provide a "complete and detailed accounting...of all police investigatory work on

---

[18] W. Mot. at ¶ 9.

[19] *See* D.R.E. 509.

[20] It is especially noted that the State has consistently argued that the individuals in question are not confidential informants, and are to be treated as state witnesses.

[21] *Goode v.* State, 136 A.3d 303, 312 (Del. 2016) (citing *Davis v. State*, 99 A.2d 226 (Table), 2014 WL 3943100, at *3 (Del. 2014); *Liket v. State*, 719 A.2d 935, 937 (Del.1998) ("When the testimony or background of a witness offers no exculpatory value, the State does not have to disclose the identity of that witness prior to that witness' testimony.").

a case."[22] The State also correctly states that a *Flowers* hearing is generally appropriate only when it has invoked privilege pursuant to D.R.E. 509.[23] Thus, it appears the Court should deny Williams/Artis' motions.

12. However, this case deeply troubles the Court. Specifically, the Court is disturbed by Williams' allegation that the individuals in question are, in reality, confidential informants. This allegation appears to be confirmed by the State at the oral argument.

13. At oral argument, and for the first time, the State disclosed to the Court that the individuals in question are actively participating in multiple pending investigations with law enforcement.[24] Given the admission that these individuals are being used in current and ongoing criminal investigations, the State all but admits that these individuals are confidential informants, but are not identified as such. The State, to this point, has not disclosed the identities. However if they are not confidential informants, but agents of law enforcement or other purposeful non-parties utilized in alleged drug transactions for a state or federal agency, they may indeed be confidential informants treated as witnesses.

14. In this case, it appears that the exact opposite is true regarding these

---

[22] *Id.* (citing *Lovett v. State*, 516 A.2d 455, 472 (Del. 1986) (quoting *Moore v. Illinois*, 408 U.S. 786, 795 (1972)).

[23] *See* D.R.E. 509.

[24] At oral argument, Defense counsel also indicated that the individuals were professional confidential informants who travel to participate in multiple investigations and further suggested that they are in some sort of a business relationship with law enforcement agencies and not participating in only a few controlled buys.

specific individuals. Under these unique and troubling circumstances, the Court finds the State's classification of these individuals as "witnesses," rather than "confidential informants," is a misuse of the law and privilege pursuant to D.R.E. 509 given the fact that the State has described these so called "confidential informants" to the Court as "witnesses" to alleged incidents of drug dealing and plan to use these individuals frequently as "witnesses" in ongoing criminal proceedings, involving other defendants. The Court views this as a clear attempt to circumvent D.R.E. 509 and finds, based chiefly on the State's admission at oral argument, that these witnesses are in fact "quasi" confidential informants who have and continue to cooperate with law enforcement.

15. Thus, in the interests of justice, the Court further finds, despite the State's decision to forego invoking privilege pursuant to D.R.E. 509, that this scenario is akin to *Flowers* and that manifest injustice would occur if the Court did not conduct an analysis to determine whether the State must, or must not, disclose the individuals' identities to Williams.

16. D.R.E. 509 grants the State a privilege to refuse to disclose the identity of a confidential informant to a defendant.[25] An exception to the State's privilege exists when "an informer may be able to give testimony which would materially aid the

---

[25] D.R.E. 509(a) states:
> [t]he United States or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law-enforcement officer or member of a legislative committee or its staff conducting an investigation.

7

defense."[26] A defendant challenging the State's privilege has the burden to demonstrate, beyond mere speculation, that disclosure of the confidential informant's identity would materially aid the defense.[27]

17. Under *Flowers,* there are four standard situations in which the issue of a confidential informant's identity may arise:

    i. the informer is used merely to establish probable cause for a search;

    ii. the informer witnesses the criminal act;

    iii. the informer participates, but is not a party, to the illegal transaction; and

    iv. the informer is an actual party to the illegal transaction."[28]

Our Supreme Court has further recognized "that generally the privilege afforded under [D.R.E.] 509 is protected in the first *Flowers* scenario, but not in the forth."[29] In the second and third scenarios, disclosure of the informer's identity is only required if the trial judge determines that the informer's testimony materially aids the defense.[30]

18. Here, other than accusations made in motion and oral argument, Williams provides the Court no evidence to support his assertion that these individuals in question meet *Flowers* Category 4 criteria, or that disclosure of their identities would

---

[26] D.R.E. 509(c).

[27] *Cooper v. State*, 2011 WL 6039613, at *9 (Del. 2011) ("To invoke this exception, the defendant must show, beyond mere speculation, that the confidential informant may be able to give testimony that would materially aid the defense.").

[28] *Flowers*, 316 A.2d at 567.

[29] *Cooper*, 32 A.3d at 988 (citing *Butcher v. State*, 906 A.2d 798, 802–03 (Del. 2006)).

[30] *Butcher*, 906 A.2d at 803.

materially aid his defense.[31] On the other hand, the Court is not comfortable in accepting the State's argument that these individuals will be witnesses at trial to testify and, therefore, will be disclosed eventually.[32] The Court could view this argument as a subterfuge to prevent disclosure. As a result, the Court is left with insufficient information to determine which *Flowers* category, if any, these quasi confidential informants would fall under further justifying the need to conduct a *Flowers* hearing.[33]

19. The Court finds the guidance provided by *Flowers* and *Butcher* helpful. In those cases, the confidential informer put law enforcement in contact with the defendants and remained present during the transaction. As a result, this Court ordered two appropriate procedures. First, the Court ordered the State to submit affidavits, which would be sealed, to support its argument that the confidential informer's identity should not be disclosed.[34] Second, the Court also required the State to produce the confidential informer for an in camera review by the trial judge

---

[31] Rather, Williams states insufficient time to prepare portions of cross examination would occur.

[32] The Court also declines to speculate why, under these particular circumstances, the State has not invoked privilege pursuant to D.R.E. 509.

[33] The Court suggests that it could be logically presumed that if these witnesses are confidential informants, they are participating in controlled purchases at the behest of the law enforcement agencies. Indeed, even at oral argument, Williams, through counsel, stated that these individuals were conducting multiple purchases from multiple individuals. However, the Court is not in the habit of making assumptions, especially when there is no evidence presented to remotely support any assumption.

[34] *See Flowers*, 316 A.2d at 568; *Butcher*, 906 A.2d at 803.

so that a determination could be made by the trial judge whether disclosure of the informer's identity would materially aid the defense.[35]

20. Since both parties in the present case have stated that these individuals have, and still are, actively participating in pending investigations, the Court finds *Flowers* and *Butcher* helpful in this case. Therefore, the Court orders the State to produce: (1) affidavit(s), which the Court will seal, to support its argument that the quasi confidential informers' identities should either remain undisclosed or truly are only witnesses to a crime; and (2) the quasi confidential informers in camera for the Court's review.

21. Williams may, if he can, provide evidence supporting his assertion that these quasi confidential informants were participants in an illegal action, or any other basis for disclosure before trial. Thus, the Court grants Williams' motion for reargument.

22. As for Artis' arguments in his motion for reargument, it is a virtual carbon copy[36] of Williams' arguments. Therefore, for the reasons stated above, the Court will also permit Artis to provide evidence, if he can, supporting his assertions that these quasi confidential informants were participants in an illegal action, or any other basis for disclosure before trial. Thus, the Court grants Artis' motion for reargument.

---

[35] *Id.*

[36] Defense counsel also made a claim that there was insufficient video evidence regarding Artis' case. This was disputed by the State.

## CONCLUSION

23. For the above mentioned reasons, the Court finds Williams/Artis have demonstrated sufficient grounds entitling both to reargue their motions for disclosure of the "quasi" confidential informants. Therefore, their motions for reargument are **GRANTED**.

24. The Court also orders the State to produce supporting affidavits and the individuals in question for an in camera review conducted by the Court. The Court will determine whether the individuals' identities must be disclosed by the State and whether or not they are confidential informants.

IT IS SO ORDERED.

_____

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
cc:   Sean A. Motoyoshi, Esquire
      Zachary A. George, Esquire

11