# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| V. | ) |
| | ) ID No.: 1609015856 |
| LEWIS HENDERSON, | ) |
| | ) |
| Defendant | ) |

Submitted: March 12, 2018
Decided: September 25, 2019

*On Defendant's Motion for Postconviction Relief.*
**SUMMARILY DISMISSED.**

## ORDER

This is the Court's ruling on a Rule 61 motion filed by the Defendant. The Court makes the following findings:

1.      The Defendant was sentenced in September 2018 on charges of Robbery First degree and Conspiracy Second degree. The State agreed to cap its sentencing recommendation at 10 years. The mandatory sentence for Robbery First degree is 3 years.[1] The Court actually imposed six years – a sentence in the mid-range between the minimum and State's cap.

---

[1] 11 Del. C. §832.

2.     The sentencing was a result of the Defendant's guilty plea. There was no direct appeal. The Rule 61 motion was filed within the one year allotted for filing such motions after sentence.[2] This is his first such motion.[3]

3.     When a defendant pleads guilty, the grounds upon which he may challenge his conviction on collateral attack are narrowed somewhat.[4] In addition, the Court will appoint counsel to represent him in his Rule 61 proceeding only if the Court finds that "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."[5] The Court does not find the Defendant's motion to have met the pleading threshold to warrant the appointment of counsel and therefore will not do so.

4.     Defendant recites in his *pro se* motion that he did not receive discovery or any evidence despite requests to his attorney. His attorney has replied by affidavit

---

[2] Del. Super. Ct. Crim. R. 61(i).

[3] *See id.* at (d)(1) and (2).

[4] *Brown v. State*, 119 A.3d 42 (Del.2015).

[5] Del. Super. Ct. Crim. R. 61(e)(3).

2

that he (the attorney) received substantial discovery from the State and was well acquainted with the allegations against the defendant and the evidence supporting the allegations.[6] Because the Defendant failed to appear after being released on bond, a capias was issued and a substantial bond was set, causing him to be incarcerated for several months prior to trial. Counsel recites that pursuant to an agreement with the State, he was required to agree not to share witness statements with the accused out of concern for witness safety.[7] In fact, defense counsel had no right to the statements under the Rule in any event.[8]

5.      Discovery complaints are quite common in Rule 61 proceedings and there is some reason to be sympathetic to an inmate, locked behind bars without a full understanding of the evidence keeping him there. But Rule 16 discovery is structurally more truncated than the full discovery permitted civil litigants and the state certainly has legitimate interests in keeping its witnesses and other citizens safe from harm. Limitations on defendants having direct access to materials provided under Rule 16 have become commonplace.[9]

---

[6] D.I. 85

[7] *Id.*

[8] *See generally* Del. Super. Ct. Crim. R. 16.

[9] *Liket v. State,* 719 A.2d 935, 937-38 (Del. 1998)

6.     The important element for our purposes is that defense counsel has adequately explained by responsive affidavit that he received all of the Rule 16 to which the defense was entitled and a good bit additional to which he was not. He reviewed the State's evidence with the defendant in April of 2017, before the Defendant rejected a final case review offer and again in June of 2018 when the Defendant was held in default of bail for failing to appear for trial.[10] By the time he pled guilty, neither defense counsel nor the Defendant had any illusions about what evidence the State had indicating his guilt. There can be no ineffective assistance claim where there has been no ineffective assistance and no prejudice to the accused.

7.     For his second claim, the Defendant says "I was forced to sign a plea of 3 years with the promise of my attorney/he scared me into signing an open plea to stop me from going to trial." [11]

8.     Trial counsel's affidavit avers that he met with the Defendant in the prison in the week prior to taking the plea and went over all of the evidence against him, the plea offer on the table and the range of possible consequences. He went over "the information contained in the police reports, co-defendant's statements, the contents of video surveillance as well as the likely testimony of other State

---

[10] Affidavit in Response to Rule 61 Motion, D.I. 85

[11] Motion D.I. 82

witnesses." Counsel avers that after considering all of this, the Defendant advised that he wanted to accept the State's plea offer.[12]

9.    These allegations by defense counsel are buttressed by the signed Truth in Sentencing guilty plea form, in which Defendant affirmatively stated that he understood his rights, was satisfied with counsel and was tendering his guilty plea knowingly, freely and voluntarily.[13]    A bare allegation, coming a year after sentencing, that Defendant was scared cannot be countenanced absent some compelling evidence to undermine confidence in the regularity of the prior proceedings.

10.    For his third claim, the Defendant says a co-defendant statement was false in that he gave two statements, one stating that he was not present and another stating that he was and guilty of the crime.[14]  If this sounds like a co-defendant who initially denied involvement and later admitted it, that is precisely what the State says happened.[15]  Hardly unique, or even unusual.

11.    If the Defendant felt that the co-defendant's inconsistent statements were sufficiently false as to justify taking the matter to trial, he should not have pled

---

[12] D.I. 85

[13] States Response to Petitioner's Motion, Docket D.I. 87, Exhibit 2.

[14] D.I. 82 at 3.

[15] *Id.*

5

guilty. Waiting until a year after sentencing to point out this alleged inconsistency is literally too little too late.

12. In any event, inconsistent statements by a co-defendant is nowhere to be found as grounds for relief under Rule 61. To the extent the Court engrafts a claim of ineffective assistance of counsel onto the claim of inconsistent statements by a co-defendant, it gets the analysis nowhere: inconsistent statements are not the product of ineffective counsel and many a competent counsel are apt to advise a plea of guilty notwithstanding a co-defendant's hedging before confessing.

13. There is a final claim that the Court takes to mean the Defendant feels his sentence was excessive and unjust. Such claims have no place in a Rule 61 proceeding as they seek relief from the sentence and are treated under Superior Court Criminal Rule 35.[16] The Defendant states in his pleading that he has filed a Rule 35 motion with his sentencing judge and I take that to mean he is familiar with the rule. As I was not the sentencing judge, I have no opinion on whether his sentence was excessive or unjust. That matter either can, was, or will be dealt with by the sentencing judge.

Defendant's Rule 61 motion is hereby **SUMMARILY DISMISSED.**

Judge Charles E. Butler

---

[16] Del. Super. Ct. Crim. R. 35(a)–(c).

6